IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| v. | : CRIMINAL NO. 23-351 |
| JOSHUA COLEMAN | : |

**GOVERNMENT'S MOTION FOR ORDER OF FORFEITURE**

The United States of America, by and through its attorneys, David Metcalf, United States Attorney for the Eastern District of Pennsylvania, Matthew T. Newcomer, Assistant United States Attorney, Deputy Chief, Economic Crimes / Asset Recovery & Financial Litigation, Francis A. Weber and Anita Eve, Assistant United States Attorneys, respectfully requests entry of a Judgment and Preliminary Order of Forfeiture, and, in support of this motion, the United States represents as follows:

   1.  On August 8, 2023, Joshua Coleman was charged in an Information with wire fraud, in violation of 18 U.S.C. § 1343 (Counts One through Four).

   2.  The Information also contained a Notice of Forfeiture. The Notice of Forfeiture alleged that certain property was forfeitable, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), as a result of the defendant's violations of 18 U.S.C. § 1343 (Counts One through Four). The Notice of Forfeiture also provided notice that, in the event such property cannot be located, the government would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

3. On July 28, 2023, the defendant entered into a Guilty Plea Agreement, whereby he agreed, *inter alia*, to plead guilty to Counts One through Four of the Information. The defendant further agreed not to contest forfeiture as set forth in the Notice of Forfeiture.

4. The defendant has also agreed, pursuant to Fed. R. Crim. P. 32.2(b)(4), that this Order of Forfeiture shall become final as to the defendant prior to his sentencing.

5. On September 26, 2023, the defendant pleaded guilty to Counts One through Four of the Information, pursuant to the Guilty Plea Agreement.

6. As a result of his guilty plea, the defendant is required, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), to forfeit criminally any property, real or personal, which constitutes or is derived from proceeds traceable to the violations charged in Counts One through Four of the Information.

7. Based upon the facts set forth at the defendant's plea hearing, as well as those set forth in the Guilty Plea Agreement, the government avers that the sum of $24,709,275 in United States currency is subject to forfeiture as a result of the defendant's guilty plea to Counts One through Four of the Information, and that the government has established the requisite nexus between such property and the offenses. The sum of $24,709,275 is equal to the defendant's uncontested fraud loss amount as calculated by the government in its sentencing memorandum, filed concurrently with this motion for forfeiture. This amount represents the value of proceeds that the defendant obtained and are traceable to his commission of wire fraud, in violation of 18 U.S.C. § 1343, as charged in Counts One through Four of the Information. *See Honeycutt v. United States*, 137 S. Ct. 1626 (2017) (a defendant must forfeit the property that he himself acquired from the offense giving rise to the forfeiture); *United States v. Gjeli*, 867 F.3d 418, 426-27 (3d Cir. 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. §

1963 and 18 U.S.C. § 981(a)(1)(C)); *United States v. Brown*, 694 Fed. App'x 57, 2017 WL 3404979 (3d Cir. Aug. 9, 2017) (applying *Honeycutt* to forfeitures of proceeds under 18 U.S.C. § 982(a)(2)); *United States v. Vampire Nation*, 451 F.3d 189, 202 (3d Cir. 2006) (an *in personam* forfeiture money judgment may be entered against the defendant for the full amount of the criminal proceeds); Fed. R. Crim. P. 32.2(b)(1) (where the government seeks an order of forfeiture for criminal proceeds, the court must determine the amount of money that the defendant will be ordered to pay).

8. The government, therefore, requests that this Court enter, against the defendant, a forfeiture money judgment in the amount of $24,709,275.

9. Due to the defendant's acts or omissions, the $24,709,275 in proceeds are not currently available to the government for forfeiture, and the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met. Based on the facts set forth at the defendant's plea hearing and in the record as a whole, the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court, the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty. Accordingly, pursuant to 21 U.S.C. § 853(p) and Fed. R. Crim. P. 32.2(e)(1)(B), the government is authorized to seek forfeiture of substitute assets of the defendant up to the amount of $24,709,275.

10. Pursuant to Fed. R. Crim. P. 32.2(b)(1)(A), "[a]s soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contender is accepted … the court must determine what property is subject to forfeiture under the applicable statute." Fed. R. Crim.

P. 32.2(b)(1)(A). When the government seeks forfeiture of specific property, "the court must determine whether the government has established the requisite nexus between the property and the offense;" when the government seeks a forfeiture money judgement, "the court must determine the amount of the money that the defendant will be ordered to pay." Id. The Court's determination may be based on "evidence already in the record … and on any additional evidence or Indictment submitted by the parties and accepted by the court as relevant and reliable." Fed. R. Crim. P. 32.2(b)(1)(B). "Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4)." Fed. R. Crim. P. 32.2(b)(2)(B). The preliminary order of forfeiture becomes final as to the defendant at sentencing, or earlier if the defendant consents. Fed. R. Crim. P. 32.2(b)(4)(A).

11. Pursuant to Rule 32.2(b)(2)(B), for the reasons stated above, the government requests that this Court enter the attached Order of Forfeiture. The government further requests that it be permitted, in its discretion, to serve the Order of Forfeiture directly on the defendant, or if the defendant is represented, upon the defendant's counsel.

12. The government requests authority to conduct discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), to identify, locate, and dispose of property subject to forfeiture and to address any third-party claims.

13. Because the government does not seek forfeiture of any specific asset at this time, advertisement of the judgement and third-party proceedings are not required. Fed. R. Crim. P. 32.2(c)(1) (no ancillary proceedings to address third-party claims required where specific property is not being forfeited).

For the reasons stated above, the government requests that this Court enter the attached Order.

                              Respectfully submitted,

                              DAVID METCALF
                              United States Attorney

                              MATTHEW T. NEWCOMER
                              Assistant United States Attorney
                              Deputy Chief, Economic Crimes /
                              Asset Recovery & Financial Litigation

                              */s/ Francis A. Weber*
                              FRANCIS A. WEBER
                              ANITA EVE
                              Assistant United States Attorneys

Date:   September 16, 2025

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | CRIMINAL NO. 23-351 |
| **JOSHUA COLEMAN** | : | |

### ORDER OF FORFEITURE

IT IS HEREBY ORDERED THAT:

1. As a result of defendant Joshua Coleman's guilty plea as to Counts One through Four of the Information, charging wire fraud, in violation of 18 U.S.C. § 1343 (Counts One through Four), the defendant is required to forfeit criminally any property, real or personal, which constitutes or is derived from proceeds traceable to the aforesaid offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. All property, real or personal, which constitutes or is derived from proceeds traceable to the defendant's violations of 18 U.S.C. § 1343, is forfeited to the United States.

3. The sum of $24,709,275 represents the value of property which constitutes or is derived from proceeds that the defendant obtained and are traceable to the offenses charged in Counts One through Four of the Information.

4. The defendant shall forfeit to the United States $24,709,275 in proceeds that he obtained and are traceable to his violations of 18 U.S.C. § 1343, as charged in Counts One through Four of the Information, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(2).

5. A money judgment in the amount of $24,709,275 is hereby entered against the defendant.

6. Pursuant to 21 U.S.C. § 853(p), due to the defendant's acts or omissions, these proceeds are not currently available because the proceeds cannot be located upon the exercise of due diligence, the proceeds have been transferred to, sold to, or deposited with third parties, the proceeds have been placed beyond the jurisdiction of the court, the proceeds have been substantially diminished in value, and/or the proceeds have been commingled with other property which cannot be divided without difficulty.  Therefore, the United States is authorized to seek forfeiture of substitute assets of the defendant up to the amount of the uncollected money judgment.

7. The government may move at any time, pursuant to Fed. R. Crim. P. 32.2(e)(1)(B), to amend this Order to forfeit specific property belonging to the defendant having a value up to the amount of the uncollected money judgment, as substitute assets.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4), the Preliminary Order of Forfeiture may be made final as to the defendant, prior to his sentencing and shall be made part of the sentence and included in the judgment.  See *United States v. Bennett*, 423 F.3d. 271 (3d Cir. 2005) (to be effective, a forfeiture order must be included in sentence and judgment).

9. Upon entry of this Order or any amendment thereto that is entered pursuant to Fed. R. Crim. P. 32.2(e), the Attorney General or a designee is authorized to seize any specific property subject to forfeiture that is identified in this Order or subsequent amendment, pursuant to Fed. R. Crim. P. 32.2(b)(3).

10. Upon entry of this Order, the Attorney General or a designee, pursuant to Fed. R. Crim. P. 32.2(b)(3) and 21 U.S.C. § 853(m), is authorized to conduct any discovery to identify, locate, and dispose of property subject to this Order and to address any third-party

- 3 -

claims, including depositions, interrogatories, requests for production of documents, and subpoenas pursuant to Fed. R. Civ. P. 45.

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the United States District Court for the Eastern District of Pennsylvania shall deliver a copy of this Judgment and Preliminary Order of Forfeiture to counsel for the parties.

ORDERED this ___ day of _____, 2025.

_____
**HONORABLE KELLEY BRISBON HODGE**
**United States District Court Judge**

**CERTIFICATE OF SERVICE**

I certify that a copy of the Government's Motion for Order of Forfeiture and proposed Forfeiture Order was served by ECF and email upon the following defense counsel:

Jenny Kramer (jenny.kramer@alston.com)
Scott O'Brien (scott.obrien@alston.com)
Emilia McKee Vassallo (mckeevassalloe@ballardspahr.com)

                                         */s/ Francis A. Weber*
                                         FRANCIS A. WEBER
                                         Assistant United States Attorney

Date:   September 16, 2025